UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:07-CV-36

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

v.                                          **OPINION AND ORDER**

DONALD J. PAUL,
DEBRA A. PAUL, and
BANK OF McCREARY COUNTY                                                          DEFENDANTS.

* * * * * * * * *

This matter is before the Court on the pro se Rule 60(b) Motions for Relief from Judgment filed by

the Defendants, Debra A. Paul and Donald J. Paul (Rec. Nos. 23 and 24).

## I.      FACTS.

The United States filed this action asserting that the Defendant Donald J. Paul owed federal taxes

of $2,218,792.70 for the years1987 to 2000.  The United States asked the Court to adjudge Donald J. Paul

liable to the United States in that amount.  It further asked the Court to order that the United States was

entitled to foreclose its tax liens on two pieces of property owned by Donald J. Paul and Debra A. Paul (the

"Highway 896" and "Highway 90" Properties).

The Defendants Debra A. Paul, proceeding pro se, and the Bank of McCreary County both filed an

answer to the Complaint.  On May 30, 2007, the Defendant Donald J. Paul filed a pro se  Motion to Dismiss

for Failure to State a Claim and Motion for More Definite Statement (Rec. No. 12).  Mr. Paul argued that

the allegations in the Complaint were too vague for him to admit or deny.  For example, he argued that he

did not understand the term "income tax returns." He also complained that the Complaint does not specify

what kind of "income taxes" he owes or when a demand was made for him to pay the taxes.  It appears that

the motion was never submitted to  Chambers for review.  Accordingly, the Court never ruled on it and the

Defendant Donald J. Paul never filed an answer to the Complaint in this matter.

On July 23, 2007, the United States moved for Summary Judgment (Rec. No. 16).  The Defendants

Debra A. and Donald J. Paul then moved to strike the United States' Motion for Summary Judgment (Rec. Nos. 17 & 18), arguing that the Court should not rule on the summary judgment motion while Mr. Paul's Motions to Dismiss and for More Definite Statement were still pending. Again, it appears that these Motions to Strike were never submitted to Chambers for review.  Thus, they were never ruled on.  The Pauls never filed a response to the Motion for Summary Judgment.

On August 20, 2007, this Court, being unaware of other pending matters in the case,  granted the United States' Summary Judgment. (Rec. No. 20).  On January 7, 2008, this Court granted the United States' Motion for Order of Sale, directing the sale of the two properties at issue (Rec. No. 22).

On January 28, 2008, the Defendants filed Rule 60(b) Motions for Relief from the Court's Order granting the government's Motion for Summary Judgment.  In these motions, the Pauls argue that the Summary Judgment ruling should be set aside because, at the time it was entered,  the Court had not ruled on Mr. Paul's Motion for More Definite Statement and Motion to Dismiss or the Motions by both Debra and Donald Paul to strike the government's Motion for Summary Judgment.

The Pauls also allege that this Court and the government "choreographed" the Summary Judgment ruling in *ex parte* meetings. Both Defendants allege that they have not received by regular or certified mail any of the Court's rulings or orders in this action.

## II.     ANALYSIS.

As an initial matter, the Court notes that it has not conducted any *ex parte* meetings with the government on this action.

As to the Paul's contention that they have not been served with any of the Court's Orders in this matter, the Court will direct the Clerk of the Court to serve the Defendants Donald J. Paul and Debra A. Paul with a copy of the three Court rulings entered in this case thus far: the Court's May 1, 2007 Order enlarging the government's time to serve the Pauls (Rec. No. 8), the Summary Judgment ruling (Rec. No. 20),  and the Order of Sale (Rec. No. 22).

2

The Court will also direct the Clerk of the Court to serve the Defendants Donald J. Paul and Debra A. Paul with a copy of the docket in this matter.  Finally, the Clerk of the Court shall serve the Pauls with a copy of all Orders, Opinions and Rulings in this matter that the Court shall enter in the future.  The Defendants should be served at the address listed for each of them in the caption of the Complaint in this matter.

As to Mr. Paul's Motion for More Definite Statement and Motion to Dismiss, Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Rule 12(e) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2) pursuant to which a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts do not favor motions for more definite statements. *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D.Ohio 1984). "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail.... [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Schwable v. Coates*, 2005 WL 2002360, at *1 (N.D.Ohio August 18, 2005)(quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D.Wis.1985)). See also *Sky Technologies Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 298 (S.D.Ohio 2000) (A "motion for more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed.")

The Court has reviewed the Complaint and determines that the United States has provided sufficient

information to permit Mr. Paul to formulate a response.  Accordingly, Mr. Paul's Motion to Dismiss for Failure to State a Claim and Motion for More Definite Statement will be denied.  The Court will order that the Defendant Donald J.  Paul answer the Complaint within 20 days of the entry date of this Order.

As to the Defendants' Motion under Rule 60(b) to set aside this Court's Summary Judgment ruling for the United States, because Donald J. Paul had not yet responded to the Complaint at the time of the Motion for Summary Judgment, the Court will grant the motion to set aside the Summary Judgment ruling and will also order that the Order of Sale be set aside.

Finally, as to the Pauls' Motions to Strike the United States' Motion for Summary Judgment, those motions will denied, there being no reason that such a motion is improper at this time. If the Defendants wish to respond to the Motion for Summary Judgment, they must file a response within 45 days of the entry date of this Order.  The United States may file a reply in accordance with the Local Rules.

Accordingly, for all these reasons, the Court hereby ORDERS as follows:

1)      the Clerk of the Court SHALL serve the Defendants Donald J. Paul and Debra A. Paul with a copy of the docket and the Court's Orders, Opinions and other rulings previously entered in this matter and SHALL also serve the Pauls with a copy of all Orders, Opinions and Rulings in this matter that the Court shall enter in the future.  The Defendants should be served at the address listed for each of them in the caption of the Complaint in this matter;

2)      the Defendant Donald J. Paul's Motion for More Definite Statement and Motion to Dismiss (Rec. No. 12) are DENIED;

3)       if the Defendant Donald J. Paul wishes to answer the Complaint in this matter, he SHALL FILE any such Answer within 20 days of the entry date of this Order;

4)      the Motions by the Defendants Donald J. Paul and Debra A. Paul under Rule 60(b)  for Relief from Judgment (Rec. Nos. 23 and 24) are GRANTED;.

5)      the Court's Opinion and Order granting the United States Summary Judgment (Rec. No. 20)

and the Order of Sale (Rec. No. 22) are hereby SET ASIDE;

      6)      the Motions to Strike the United States' Motion for Summary Judgment (Rec. Nos. 17 & 18) filed by the Defendants Donald J. Paul and Debra A. Paul are DENIED; and

      7)      if the Defendants wish to respond to the Motion for Summary Judgment, they must file any response within 45 days of the entry date of this Order.  The United States may file a reply in accordance with the Local Rules.

      Dated this 13th day of May, 2008.

**Signed By:**

*Karen K. Caldwell* KKC

**United States District Judge**