UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:07-CV-36

UNITED STATES OF AMERICA,                                              PLAINTIFF,

v.                                    **OPINION AND ORDER**

DONALD J. PAUL,
DEBRA A. PAUL, and
BANK OF McCREARY COUNTY                                          DEFENDANTS.

* * * * * * * * *

This matter is before the Court on the Motion for Summary Judgment (Rec. No. 16) and

Motion to Dismiss Counterclaim (Rec. No. 32) filed by the United States and the Motion to Dismiss

(Rec. No. 28) and Motion to Compel and Motion for Hearing (Rec. No. 38) filed pro se by the

Defendant Donald J. Paul (the "Defendant").

I.      **FACTS.**

The United States filed this action asserting that the Defendant owed federal taxes of

$2,218,792.70 for the years1987 to 2000.  In its Complaint, the United States asked the Court to

adjudge the Defendant liable to the United States in that amount.  It further asked the Court to order

that the United States was entitled to foreclose its tax liens on two pieces of property owned by the

Defendant and Co-Defendant Debra A. Paul (the "Highway 896" and "Highway 90" Properties).

The Defendant filed a counterclaim against the United States asserting that the "Notice of

Federal Tax Lien" filed by the United States contains information that is not subject to disclosure

under 26 U.S.C. § 6103.

II.      ANALYSIS.

A.      The Defendant's Motion to Dismiss (Rec. No. 28).

The Defendant moves to dismiss the United States' complaint against him asserting that the United States has failed to make sufficient allegations in its Complaint.  Specifically, the Defendant asserts that the Complaint: 1)  "fails to allege the existence of a deficiency," 2) fails to state "when such assessment arose;" 3) "fails to state when [a] demand was made;" 4) "fails to state with particularity what the defendant is liable for;" and 5) "fails to state as to what particular tax was due and owing for assessment to arise."

With his motion, the Defendant repeats arguments he previously made in a motion to dismiss and motion for more definite statement (Rec. No. 12).  The Court has previously rejected the Defendant's arguments and will do so again.  With its Complaint, the United States has made sufficient allegations to withstand a motion to dismiss that Defendant is liable to the United States for unpaid taxes for the years specified.  Accordingly, the Defendant's Motion to Dismiss will be denied.

B.      The United States' Motion to Dismiss Counterclaim (Rec. No. 32).

In his Counterclaim, the Defendant asserts a claim against the United States under 26 U.S.C. § 6103(a) which provides that, as a general rule, federal tax returns and tax return information are confidential and prohibits government employees from disclosing any return or return information. The Defendant asserts that the "Notice of Federal Tax Lien" filed by the United States contains information that is not subject to disclosure under 26 U.S.C. § 6103.

In *Rowley v. United States*, 76 F.3d 796 (6th Cir. 1996), the Sixth Circuit stated that "[b]y statute and regulation, the Internal Revenue Services is permitted to disclose tax return information

to the extent necessary to locate assets in which a taxpayer has an interest, to effect a lien or levy, or to seize or sell assets to collect taxes due." *Id*. at 799. *See* 26 U.S.C. § 6103(k)(6) and 26 C.F.R. § 301.6103(k)(6)-(1)(a)(vi)(permitting disclosure of tax return information necessary to establish liens against a taxpayer's assets, or to levy on, seize, or sell assets to satisfy any outstanding liability). *See also Long v. United States*, 972 F.2d 1174, 1180 (10th Cir. 1992)("It is undisputed that § 6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens and levies. Thus, the general rule is that liens and levies do not constitute unauthorized disclosures under § 6103."); *Maisano v. United States*, 908 F.2d 408, 410 (9th Cir. 1990).

Accordingly, the Court will grant the United States' Motion to Dismiss the Defendant's Counterclaim.

**C.      The Defendant's Motion to Compel (Rec. No. 38).**

The Defendant has filed a Motion to Compel in which he asks the Court to order the Clerk of the Court to comply with this Court's order of May 13, 2008.  In that order, the Court directed the Clerk of the Court to serve the Defendant and Co-Defendant Debra A. Paul with a copy of the docket and the Court's Orders, Opinions, and other rulings previously entered in this matter. The Defendant states that the Clerk of the Court has not done so and requests a hearing on the matter. The Court has inquired with the Clerk and has been informed that the Clerk complied with the Court's directive.

Further, the Court has only issued four orders in this case.  The first was non-substantive. It granted the United States an extension of time to serve the Defendants Debra A. and Donald J. Paul with the Complaint after the United States filed a motion and supporting affidavits stating that these Defendants had intentionally evaded service.

The second and third Orders granted the United States Motion for Summary Judgment and

3

ordered the sale of the properties at issue.  The Defendant apparently received copies of these Orders because he moved to set them aside.  Further, the Orders were ultimately set aside by the Court.

The final Court order in this matter was entered by the Court on May 13, 2008. It set aside the prior orders granting the United States summary judgment and ordering the sale of the properties at issue. The May 13, 2008 Order also directed the Clerk of the Court to send the Defendant a copy of the docket and the Court's Orders, Opinions, and other rulings previously entered in this matter Clearly the Defendant received a copy of the May 13, 2008 Order because his Motion to Compel is based on it.

Accordingly, the Court will deny the Defendant's Motion to Compel and Motion for a hearing.

**D.     The United States' Motion for Summary Judgment (Rec. No. 16).**

Finally, the United States moves for Summary Judgment seeking a judgment against the Defendant (Rec. No. 16) in the amount of $2,238,325.88 and an order that the United States is entitled to foreclose its tax liens and that the Highway 896 and Highway 90 properties be sold.  As evidence in support of its Motion, the United States attaches the affidavit of Internal Revenue Service Revenue Officer Linda Edwards who states that the Defendant has not filed income tax returns or paid federal taxes for the tax years 1987 to 2000.

Edwards submits the Certification of Assessment and Payments (Form 4340) for the Defendant for each of the years 1987 to 2000.  These Certificates show that the Defendant's total assessed tax liabilities for 1987 to 2000 were $1,209,123.66.   Edwards explains that the unpaid assessed tax liabilities continue to accrue in both interest and penalties.  She submits copies of the Account Transcripts of the Defendant's tax liabilities from the years 1987 to 2000 which show that

his total tax liability is $2,238,325.88. Edwards states that this balance continues to accrue interest and penalties.

The Certifications of Assessment and Payments show that the Defendant's unpaid tax liability for the years 1987 to 1994 was assessed against him on February 10, 1997; his unpaid tax liability for the years 1995 to 1997 was assessed against him on September 18, 2000; and his unpaid tax liability for the years 1998 to 2000 was assessed on August 30, 2004.

In his first response, the Defendant argues that summary judgment in this action would violate the Seventh Amendment because there are genuine issues in dispute. The Defendant also states that he has requested the United States to produce the "Assessment(s) and their supporting documents" but that the United States has failed to produce them.

Pursuant to 26 C.F.R. § 301.6203-1, "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." Forms 4340 provide all of the information required under 26 C.F.R. § 301.6203-1. *Gentry v. United* States, 962 F.2d 555, 557 (6th Cir. 1992); *Taylor v. I.R.S.*, 69 F.3d 411, 419 (10th Cir. 1995)(Form 4340 provided taxpayer with "all of the information required under Treasury Regulation § 301.6203-1."); *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993)("Since the government has produced Certificates of Assessments and Payments on Form 4340, which set forth all the information this regulation requires, the [taxpayers] have already been given all the documentation to which they are entitled by section 6203.").

There is no dispute that the United States has provided the Defendant the Forms 4340 and his account transcript. The United States has, therefore, complied with 26 C.F.R. § 301.6203-1 and

is not obligated to further evidence the assessments.

The Defendant filed a second response to the United States' Motion for Summary Judgment. The response was not timely, however, and the Court need not consider it.[1]  Further, in his second response, the Defendant argues that the United States did not notify him of his tax liability or demand payment prior to issuing the Notice of Lien in violation of 26 U.S.C. § 6303 and the Internal Revenue Manual at § 5.12.2.2.  The Defendant does not offer any reason that he could not have made this argument in the time provided by the Court's May 13, 2008 Opinion and Order.

Further, the Forms 4340 provide presumptive evidence that the Government sent timely notices and demands to the Defendant for the tax years at issue.  *See, e.g., Gentry*, 962 F.2d at 557; *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993); *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992).   Under Rule 56(e)(2), in order to defeat summary judgment, the Defendant is required to present evidence disputing his liability or notice.  In his affidavit, the Defendant states only that the information from the Individual Master File that the IRS provided to him "does not reflect that any Notice and Demand for Payment was ever sent to me."  The Defendant never states that he did not receive the notice and demand.  Further, the documents attached to the Defendant's second response do no contain any evidence that the government failed to send notices or demands for payment to the Defendant.

The Form 4340 Certificates of Assessment produced by the United States are also prima facie evidence of the Defendants' tax liability. *Sinder v. United States*, 655 F.2d 729, 730-31 (6th Cir. 1981).  The Defendant has not disputed his tax liability.

---

[1] The Court ordered that the Defendant file any response to the Motion for Summary Judgment within 45 days of its May 13, 2008 Opinion and Order. The Defendant filed his second response to the Motion for Summary Judgment on July 28, 2008.

For all these reasons, the Court will grant the United States' Motion for Summary Judgment.

**E.      CONCLUSION.**

For all these reasons, the Court hereby ORDERS as follows:

1)      the Defendants' Motion to Dismiss (Rec. No. 28) is DENIED;

2)      the United States' Motion to Dismiss Counterclaim (Rec. No. 32) is GRANTED;

3)      the Defendant's Motion to Compel and Motion for Hearing (Rec. No. 38) is DENIED;

4)      the United States' Motion for Summary Judgment (Rec. No. 16) is GRANTED; and

5)      the United States is directed to tender to the Court a proposed Order of Sale.

Dated this 12th day of November, 2008.

Signed By:

**_Karen K. Caldwell_**

**United States District Judge**